THE UNION CENTRAL LIFE INSURANCE CO., PLAINTIFF IN ERROR, v. JAMES McHUGH, DEFENDANT IN ERROR.

Life Insurance: DEFAULT IN PAYMENT: PAID-UP POLICY: MEASURE OF DAMAGES.   A life insurance policy provided that a certain part of each premium be allowed as a loan or credit and as a debt against the policy until paid or cancelled by profits or otherwise, and further provided that after a certain time, and after full annual payments of premiums during this time, upon default and surrender of the policy by the insured, the company should issue to him a new paid-up policy for an equitable amount, subject to the outstanding loans or credits: *Held*, that upon a breach of the covenant to issue such new paid-up policy by the company, the measure of damages, after full payment of all premiums accrued before such default, is the fair cash value of the new paid-up policy at the time of the breach of contract, with interest thereon.

ERROR to the district court of Douglas county.   Tried below before SAVAGE, J., and a jury.   The case is stated in the opinion.

*George E. Pritchett*, for plaintiff in error.

This judgment should be reversed, because the plaintiff was only entitled to recover the value of the paid-up policy to which he was entitled, and the only evidence as to its value proved it to be less than the amount which he owed the company.   The plaintiff could not

recover upon the theory of a rescission of his contract with the company, because the parties could not be put in *statu quo*. He could not return to the company the five years' insurance which he had had. 2 Parsons on Contracts, 678. *Hunt v. Silk*, 5 East, 449.

*Leavitt Burnham*, for defendant in error.

1. The contract of insurance, for breach of which action was brought by defendant in error, though made up of several parts, was entered into as an entirety, and must be treated as such; and any breach thereof, was a breach of the whole. 3 Parsons' Contracts, sec. 189. 2 Id., sec. 619.

2. Defendant in error was entitled to recover such damages as he suffered by failure to fulfill the whole contract. 3 Parsons' Contracts, secs. 187, 189. *Masterton v. Mayor*, 7 Hill, 61. *Shaffer v. Lee*, 8 Barb., 412. *Royalton v. R. & W. Turnpike Co.*, 14 Vt., 311. And the jury might also inquire if there were aggravating and unjustifiable circumstances connected with the breach that would also entitle the defendant in error to recover therefor. Field on Damages, 58, 61, and cases cited. *Jones v. Steamship Cortes*, 17 Cal., 487. *Stonesheifer v. Sheble*, 31 Mo., 243. *Hall v. Delephane*, 5 Wis., 206.

GANTT, CH. J.

On the twenty-eighth of August, 1872, the plaintiff in error insured the life of the defendant in error in the sum of $2,500, at a semi-annual payment of $31.25, with participation in profits, for the term of his natural life, for the benefit of Mary McHugh, provided that ten dollars of each semi-annual premium is allowed as a credit or loan, bearing interest at six per cent from their respective dates, and acknowledged as an indebtedness against the policy until paid or cancelled by profits or

otherwise. The policy contains this covenant: "And the said company do hereby further promise and agree that if, after the premiums on this policy for not less than three complete years of insurance have been duly paid to the company, this policy should cease in consequence of default of payment of any subsequent premium, this company will, on the surrender of this policy, issue in lieu thereof (provided such surrender be made within sixty days of such default) a new paid-up policy, subject to any loans or credits outstanding against this policy, for an equitable amount, which shall not be less than the sum below: After three full annual payments, $240; after four full annual payments, $317; after five full annual payments, $390; and a like equitable amount for any greater number of payments."

Ten semi-annual payments of $21.25 were made, and then the defendant made default of payment of premium on his policy, and within the time specified he surrendered the same, and demanded the issuance to him of a paid-up policy, which the plaintiffs refused, and he brought action to recover damages for a breach of the contract.

Under the terms of the policy ten dollars of each semi-annual premium, not paid, is a credit or loan bearing six per cent, and acknowledged to be an indebtedness against the policy until paid or cancelled by profits or otherwise; and that after a period of not less than three years, and "after the full annual payments" to the company have been duly paid, the company will issue to the defendant a new paid-up policy. The five years loans, amounting in the aggregate to one hundred dollars, were not paid by the defendant. It is therefore very clear, according to this contract, that the plaintiff only covenanted to issue a new paid-up policy upon the full payment of all the premiums up till the time default was made; but in this case there was an indebtedness

against the defendant of unpaid premiums, which the plaintiff's uncontradicted testimony tended to show, after deducting the accrued dividends, was $86.31; and yet the jury rendered a verdict in favor of defendant in error for $212.50, being equal to the aggregate of all premiums paid by defendant during the five years insurance on his life.

It is insisted that the defendant received no benefit for the premiums he paid, and therefore his damages must be the amount he paid to plaintiffs. But did he not receive any benefit? The answer is, that during these five years he had an insurance of $2,500 on his life, and if he had died during this time the plaintiffs would have been compelled to pay that amount. The plaintiff, by the contract, agreed to take this risk, and for it the defendant agreed to pay the premiums specified; and the fact that the contingency did not happen during this time did not lessen the consideration received by the defendant.

Now, in respect to the rule of damages, Pothier says that the parties are deemed to contemplate only damages and interest which a party might suffer from the non-performance of the contract in respect to the particular thing which is the object of it (1 Evans Poth., 91); and therefore, under the contract in this case, the measure of damages is, after full payment of all premiums accrued before the default of payment, the fair cash value of a new paid-up policy at the time of the breach of the contract, and the jury ought to be so instructed. The only evidence tending to show what was the cash value of such policy, at such time, was offered by the plaintiffs, and the jury wholly disregarded this testimony. The verdict, therefore, is not sustained by the evidence, and the judgment of the court below must be reversed, and the cause be remanded for trial *de novo*.

REVERSED AND REMANDED.