## Case No. 17,294.

WATTS v. PHOENIX MUT. LIFE INS. CO.

[16 Blatchf. 228.] [1]

Circuit Court, E. D. New York. April 30, 1879.

LIFE INSURANCE — ISSUE OF PAID-UP POLICY — FORM — ACTION BY INSURED — DAMAGES.

1. A policy issued by a mutual life insurance company insured, in consideration of ten annual premiums to be paid, the life of W., in the sum of $1,000, to be paid to him at the age of 40, or to his mother and sister, equally, if he should die before arriving at that age. The policy provided, that, if, after the payment of two premiums, the policy should cease because of the non-payment of premiums, the company would, on the surrender to it of the policy, issue a new policy for the value acquired under the old one, subject to any notes given for premiums, without subjecting the assured to any subsequent charge, except annual interest, in advance, on all premium notes remaining unpaid. W. paid the premium for nine years, in cash. For the rest he gave four notes, still outstanding, on which he had paid the interest annually. He wishing to surrender the policy and take a new one for the value acquired under the old one, the company tendered to him a new policy, which he refused. Subsequently, he tendered to the company, for signature, a written policy, differing in form from the printed form used by the company, but the same, in legal effect, as the policy which he had refused. The company refused to sign the written policy, because it was not its regular printed form. W. had, before tendering the written policy, applied to the company, without success, for a printed form. W. then, before attaining the age of 40, sued the company, seeking to recover, as damages for not issuing the new policy, the premiums for the nine years: *Held*, that the defendant had no right to object to signing the written policy because it was not its printed blank, unless it tendered a policy made by using such blank.

2. *Held*, also, that the plaintiff could recover more than nominal damages only in an action in which his mother and sister were co-plaintiffs; that the contract was not rescinded; that proof of the amount paid in premiums was no proof of damage; and that the recovery could be only for nominal damages.

At law.

E. & W. G. Cooke, for plaintiff.

James S. Stearns, for defendant.

BENEDICT, District Judge. This action was tried before the court by consent. It is brought to recover damages for the breach of a contract of insurance upon the life of the plaintiff, James R. Watts.

The defendant, by its policy, agreed, in consideration of $103.20 paid by Catherine Ann and Mary Watts, (mother and sister,) and of the annual payment of a like amount until he shall have paid ten full years' premiums, to assure the plaintiff's life in the amount of $1,000, and to pay that amount to him on the 28th day of February, 1883, when he shall have attained the age of 40

[2] [From 2 N. B. R. 447 (Quarto, 145).]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

years, or, should he die previous to attaining that age, to Catherine Ann and Mary Watts, equally. The policy contained this further provision: "It being understood and agreed, that, if, after the receipt by this company of not less than two or more annual premiums, this policy should cease in consequence of the non-payment of premiums, then, upon a surrender of the same, provided such surrender is made to the company within twelve months from the time of such ceasing, a new policy will be issued for the value acquired under the old one, subject to any notes that may have been received on account of premiums, * * * without subjecting the assured to any subsequent charge, except the interest annually, in advance, on all premium notes remaining unpaid on this policy." The plaintiff paid the premiums, as agreed, for nine years, in cash. For the remaining part he gave four notes, still outstanding, upon which he has paid the interest annually. In May, 1877, the plaintiff determined to surrender the policy and take a new policy for the value acquired under the old one, in accordance with the provisions above quoted. A dispute arose as to whether the defendant had the right to insert in such new policy a provision that the policy should be forfeited by the failure to pay, when due, the annual interest on the outstanding notes that had been given for part of the premiums. The defendant tendered a policy containing such a clause, which the plaintiff at first refused to accept. Subsequently, he concluded to waive his objection, and tendered to the defendant, for signature, a policy drawn out in writing, which, while differing somewhat in form from the printed form used by the defendant, was the same, in legal effect, as the policy first tendered by the defendant and rejected by the plaintiff. The defendant refused to sign the written policy, in the following language: "As we have a regular printed form, upon which we issue all paid ups, it would be neither fair nor consistent to make an exception in your case." It appeared in evidence, that, prior to tendering the written policy, the plaintiff had applied to the defendant, without success, for one of their printed forms, stating that he desired it, to enable him to tender a policy for their signature. Upon the refusal to sign the written policy, the plaintiff brought this suit, wherein he seeks to recover, as damages for a breach of the agreement to issue a new policy for the value acquired under the old one, the full amount of the premiums for the nine years, including that portion paid in cash and the part for which his notes are still outstanding. The question discussed by counsel, whether the policy tendered in the first instance by the defendant was a compliance with the contract contained in the original policy, does not require to be decided on this occasion, for the

reason, that the refusal of the defendants to execute the written policy subsequently tendered by the plaintiff for their signature, was, in legal effect, a refusal to deliver any new policy at all. It was not unreasonable for the defendant to prefer to sign a policy according to its printed form, but, when the plaintiff presented for execution a policy to which the defendant could make no other objection than that it was not one of its regular printed forms filled up, it was incumbent on the defendant, if it preferred to use its own blank, to fill up such a blank and give it to the plaintiff, in lieu of the written one he had sent to it for signature; and this the more because the plaintiff had applied to it for a printed blank and had been refused. The defendant contented itself with refusing to execute the written policy and returned it to the plaintiff unexecuted. This action was, in legal effect, a refusal to issue any new policy, and constituted a breach of the provision above quoted from the old policy.

But, the objection is taken to any recovery herein, because the action is brought in the name of the plaintiff, without joining the mother and sister, to whom, in case of death, the amount insured was to be paid. This objection appears to be fatal. It is a general rule, that, on a life policy in the ordinary form, where the money to become due upon the death of the insured is payable to a certain person named as beneficiary, the policy and money payable upon the death belongs, from the time of the delivery of the policy, to the person designated to receive the money, and he alone can maintain an action upon the policy. Martin v. Franklin Ins. Co., 9 Vroom [38 N. J. Law] 140. The present policy differs from the ordinary policy only in this—that, in case the insured shall live to attain the age of 40 years, the money is then to be paid to him. But, the mother and sister are none the less beneficiaries under the policy; and the agreement in the policy, to issue a new policy in place of the old one, wherein the mother and sister were to be beneficiaries as in the old one, is an agreement with them as well as with the person whose life is insured. It follows, that, in any action to recover damages for the breach of that agreement, the mother and sister should be joined as parties plaintiff. If this be otherwise, still the plaintiff can only recover nominal damages.

The plaintiff claims to recover back the premiums paid, upon the theory that the contract is rescinded. But, this contract has been in force, and acted upon by the parties, for nine years, during which time the life of the plaintiff has been insured and the defendant has been subject to the risk. It is impossible, therefore, to put the parties back in their original position, and there can be no rescission of the contract. The case made by the plaintiff is that of a

breach by the defendant of a contract partly executed; and it was not enough to prove the breach charged. There must, also, be proof of the damage sustained. The case is wholly bare of such proof. There is evidence of the amount paid in premiums, but this evidence furnishes no basis from which to compute the actual loss resulting from the failure to obtain the new policy provided for in the contract sued on. In the absence of any evidence from which the damage can be arrived at, the recovery must be limited to nominal damages.