ALBERT G. A. HARNICKELL, Respondent, *v.* THE NEW YORK LIFE INSURANCE COMPANY, Appellant.

Plaintiff received two policies of insurance upon his life issued by defendant, giving his notes and a check for the premiums, under an agreement with defendant's agent, that certain policies then held by plaintiff in other companies, and which were delivered by him to said agent, should be surrendered by the latter to the insurers and their surrender value paid in cash, or paid-up policies obtained therefor, the amount in either case to be satisfactory to plaintiff. In case of the agent's failure to make arrangements for surrender, satisfactory to plaintiff, it was agreed the latter could return the policies and receive back his notes and check. The policies contained provisions to the effect that no agent of the company had power to make or modify the contract of insurance, or to bind it by any promise. The agent failed to effect a surrender of the old policies satisfactory to plaintiff, and on refusal of defendant to receive back its policies and surrender the notes and check, he brought suit to compel such surrender. *Held,* that said provisions in the policies related to the policies themselves after they became executed instruments between the parties; that the agreement with the agent as to a surrender of the old policies was a condition precedent to the full delivery and acceptance of defendant's policies, and until fully complied with or waived no valid contract of insurance existed ; and, therefore, that said provisions did not apply ; that it was immaterial whether the agent had power to make a conditional delivery or not, as plaintiff had power to attach such conditions as he chose to the acceptance, and if the agent lacked the power, the result would still be that there was no absolute acceptance, and so no contract; and that, therefore, plaintiff was entitled to the relief sought.

(Argued October 18, 1888; decided November 27, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made June 1, 1886, which reversed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term. (Reported below, 40 Hun, 558.)

The plaintiff, in the year 1885, was the owner of several policies of insurance, issued upon his life by several different companies, for a total of $35,500. Some of these were payable to his widow and minor children. One M. L. Hamlin, who was what is termed a special agent of the defendant, the New York Life Insurance Company, came to the plaintiff, in the winter or spring of that year, and desired him to take some insurance upon his life in that company. The plaintiff stated to him that he was insured for a sufficient amount and did not wish double insurance, whereupon Mr. Hamlin gave him estimates in regard to policies in his company, their cost, value, etc., and the negotiations finally culminated in an agreement, between the plaintiff and the agent, that the agent should take the policies, which the plaintiff already had in the other companies, and obtain the amount of their surrender value in cash, or paid-up policies therefor, to an amount, in either case, which should be satisfactory to the plaintiff, and upon the accomplishment of this the plaintiff would take two policies in the defendant company for $25,000 each, upon terms agreed upon between him and the agent. Pursuant to this verbal understanding, the plaintiff signed an application for such policies, the agent agreeing to abate largely in the amount of the premium due thereon, and also that notes instead of cash should be paid by the plaintiff therefor. The application was sent on to the company as signed by the plaintiff, and in due time two policies of insurance were presented to him by the company through its agent, Mr. Hamlin. Up to this time the evidence is uncontradicted that the policies, in the defendant company, were only to be taken out by the plaintiff and received by him upon the successful negotiation by the defendant's agent with the other companies in which the plaintiff had policies for the payment of the surrender value of such policies in cash, or the issuing of paid-up policies therefor, the amount in either event to be satisfactory to the plaintiff.

Before these negotiations were carried through, in regard to the disposition of the policies which the plaintiff already had in the other companies, and after he had signed an appli-

cation which had been sent to the home office, and after the agent had received back the policies in the defendant company, Mr. Hamlin called upon the plaintiff for the purpose of carrying out the negotiations, and brought to him the two policies for $25,000 each issued by the defendant company. The plaintiff finally accepted the policies under an agreement entered into between him and Mr. Hamlin, as the agent of the defendant, and signed by them, respectivly, which agreement is as follows:

"NEW YORK, *May* 8, 1885.

"To M. L. HAMLIN, *Special Agent of the New York Life Insurance Company :*

"DEAR SIR. — I have received from you Policies No. 204233 for $25,000, and 204234 for $25,000, and have given promises of payment for the premiums thereon less rebate allowed, viz. :

|  |  |  |
|---|---:|---:|
|  | $539 13 |  |
| My two notes | 1,600 00 |  |
| Checque | 17 37 |  |
|  |  | $2,156 50 |

"I hand you herewith together

|  |  |  |  |  |
|---|---|---|---|---:|
| 5 | Policies endow'ts in Provident Co | | | 5,500 00 |
| 2 | do | life | " " | 10,000 00 |
| 1 | do | do | " Equitable | 5,000 00 |
| 3 | do | do | " Mutual Ben'f | 10,000 00 |
| 1 | do | do | " U. S. L. Co | 5,000 00 |

Which it is understood is all the policies I have now in force besides those of your company above-mentioned, and from which I want to realize a satisfactory amount in cash, and if not obtainable, then paid-up policies; and if nothing satisfactory to me can be obtained, then I understand that my old policies shall be left in force, and the above new ones in your company, if found by me necessary to wait, or omit taking them, can be returned to you and my above promises returned to me.    "Yours truly,

"A. G. A. HARNICKELL.
"M. L. HAMLIN."

The notes given by the plaintiff to the agent were by him forwarded to the home office and the account of such plaintiff with the company defendant was credited with the receipt thereof, a check for $17.37 being retained by the agent.

The agent failing to obtain payment of the surrender value of or paid-up policies in exchange for the plaintiff's policies, upon any terms satisfactory to him, finally refused to continue negotiations any longer and refused to accept or retain the policies which had been delivered to him conditionally, and on the 6th of August, 1885, he wrote a letter to the company defendant and to the defendant Hamlin, as its agent, in which he stated the terms upon which the policies had been received by him and the other policies in other companies given up by him to Mr. Hamlin, and in which, after stating that they had wholly failed to effect a surrender of his policies upon terms satisfactory to him, or to effect any surrender at all, and had returned him such policies, he, therefore, notified them that he availed himself of the option reserved in his letter of the eighth of May and returned the policies to the defendant, and requested it to return to him his two notes for $800 each, and his check for $17.37. This letter was duly received by the defendants.

At the time the two policies were brought and given to the plaintiff he had had no communication concerning such policies with the company defendant, except through its agent, Mr. Hamlin. Nor did he, subsequent to that time, have any communication with the company defendant until he returned the policies to it inclosed in the letter of the 6th of August, 1885. In each of these policies were the following provisions:

"Inasmuch as only the officers at the home office of the company, in the city of New York, have authority to determine whether or not a policy shall issue on any application, and as they act on the written statements and representations made in the application for this policy, it is expressly understood and agreed that no information, statements or repre-

sentations made or given by or to the person soliciting or taking the application for this policy, or to any other person, shall be binding on the company, or in any manner affect its rights, unless such information, statements, or representations have been reduced to writing and presented to the officers of the company at the home office, in the application referred to.

"No agent has power in behalf of the company to make or modify this or any contract of insurance, to extend the time for paying a premium, to issue a permit for residence, travel or occupation, or to bind the company by making any promise or receiving any representation or information. This power can be exercised only by the president, vice-president or actuary of the company, and will not be delegated."

The defendant corporation refused to surrender the notes above-mentioned or accept the policies sent back by the plaintiff, but claimed that by delivering to the plaintiff, through their agent, the two policies and the receipt by the company through such agent, of the plaintiff's notes, a valid contract of insurance was entered into between the parties, evidenced by the contents of the application signed by the plaintiff and by the policies issued thereon by the defendant; and that as they were wholly ignorant of any arrangement of the nature claimed by the plaintiff to have been made between him and Mr. Hamlin, that they were not affected therewith in any manner; and that, by reason of the provisions in regard to the limitation of the power of their agent as contained in the above extracts from the policies, the plaintiff had no cause of complaint against the company, but must look to the agent as an individual for the fulfillment of the arrangement made with him in regard to the policies. Thereupon the plaintiff commenced this action to have it adjudged that he had the right to return the two policies of insurance issued by the defendant to him and obtain the surrender to him by the defendant of the two notes and check given by him.

*Wm. B. Hornblower* for appellant. Written instruments cannot be varied or altered by parol testimony. (*In re Atty.*

*Gen.* v *Con. L. Ins. Co.,* 93 N. Y. 74; *Ins. Co.* v. *Mowry,* 96 U. S. 544.) No words can be devised more clearly cutting off the right of the agent to, in any wise, bind the company to anything other than the contract contained in the application and the policy. (*N. Y. Life Ins. Co.* v. *Fletcher,* 117 U. S. 519, 530; *Simons* v *N. Y. Life Ins. Co.,* 38 Hun, 309; *Chase* v. *Hamilton Ins. Co.,* 20 N. Y. 52, 55, 57; *Rohrbach* v. *Germania Fire Ins. Co.,* 62 id. 47; *Merserau* v. *Phœnix Mut. Life Ins. Co.,* 66 id. 274; *Alexander* v. *Ger. Fire Ins. Co.,* id. 464; *Marvin* v. *Universal Life Ins. Co.,* 85 id. 278.) Where an insurance company fully protects itself by giving due and timely notice to applicants of the limitations of the powers of its agents, it should not be thereafter held liable by collateral arrangements unknown to the officers of the company, and clearly in excess of the powers of the agent as limited by the terms of the application and the policies. (*N. Y. Life Ins. Co.* v. *Statham,* 93 U. S. 24, 30; *Klein* v. *N. Y. Life Ins. Co.,* 104 id. 88; *Roehner* v. *Knickerbocker Life Ins. Co.,* 93 N. Y. 70; *Evans* v. *U. S. Life Ins. Co.,* 64 id. 304; *Wheeler* v. *Conn. Life Ins. Co.,* 82 id. 543; *Douglas* v. *Knick. Life Ins. Co.,* 83 id. 504; *Whitehead* v. *N. Y. Life Ins. Co.,* 102 id. 143; *Bogardus* v. *N. Y Life Ins. Co.,* 101 id. 338.) The fair construction of the agreement is that the applicant made a collateral contract with Hamlin, as an individual, by which Hamlin agreed to accomplish certain results. The company was not a party and was not expected to be a party to this agreement, and Hamlin alone would be liable for damages in case of a breach of the agreement. (*Coleman* v. *First Nat. Bank of Elmira,* 53 N. Y. 388, 393.) The company is not bound by any alleged false representations of Hamlin, special agent, as to the surrender values which he could obtain for the other policies of plaintiff. (*Romeyn* v. *Sickles,* 108 N Y. 652; *Day* v. *Town of New Lots,* 107 id. 148; *Southwick* v. *First Nat. Bk. of Memphis,* 61 How. Pr. 170.) An expression of opinion is not a representation of fact upon which a charge of fraud can be predicated. (*Simons* v. *N. Y. L. Ins. Co.,* 38 Hun, 309; Bigelow

on Fraud, 14; *Walker* v *Mobile & O. R. R. Co.*, 34 Miss.
245; Kerr on Fraud and Mistake, 82.) Under the terms of
the clauses in the application and policies, the company is in
no respect chargeable with any false representation of the
agent. (*Simons* v. *N. Y. L. Ins. Co.*, 38 Hun, 314; *Shaw-
mut Mut. L. Ins. Co.* v. *Stevens*, 91 Mass. 332; *Chase* v.
*Ham. Ins. Co.*, 20 N. Y. 52.) A corporation may protect
itself, by contract, from liability for the torts of its servants.
(*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442; *Wilson* v.
*N. Y. C. R. R. Co.*, 97 id. 87; *N. Y. L. Ins. Co.* v. *Fletcher*,
117 U. S. 519.) A delivery cannot be made to the party
upon a condition subsequent not expressed in the instrument,
such as that the instrument should be given up in an event
which may have afterward arisen. (*Hodge* v. *Security
Ins. Co.*, 33 Hun, 586; *Tower* v. *Richardson*, 6 Allen, 351;
*Spring* v. *Lovett*, 11 Pick. 417; *Adams* v. *Wilson*, 12 Metc.
138; *Underwood* v. *Simonds*, Id. 275; *Henshaw* v. *Dutton*,
59 Mo. 139; *Isaacs* v. *Elkins*, 11 Vt. 681; *Hatch* v. *Hyde*,
14 id. 25.) Notice to an agent is not notice to a principal,
unless it is within the scope of the authority to receive notice,
or unless he is a general agent for the principal. (*Hodge* v.
*Security Ins. Co.*, 33 Hun, 583, 587; *Wilson* v. *Genesee Mut.
Ins. Co.*, 14 N. Y. 418; *Hermann* v. *Niagara Fire Ins. Co.*,
100 id. 411; *Atlantic State Bk.* v. *Savery*, 82 id. 291.)

*John M. Bowers* for respondent. Hamlin, as the agent of
the defendant, was clothed with power to make the agreement
in question. (*Davis* v. *Lamar Ins. Co.*, 18 Hun, 230;
*Bodine* v. *Ex. F. Ins. Co.*, 51 N. Y. 177; *Devendorf* v.
*Beardsley*, 23 Barb. 656; *Mentz* v. *Lancaster Fire Ins. Co.*,
79 Penn. St. 476; *Combs* v. *Shrewsbury Fire Ins. Co.*, 34
N. J. Eq. 403; *Boice* v. *T. & M. M. Ins. Co.*, 38 Hun, 246;
*Leeds* v. *Mech. F. Ins. Co.*, 4 Seld. 351; *Rowley* v. *Empire
Ins. Co.*, 36 N. Y. 550, 553, 554; *Owens* v. *H. P. Ins. Co.*,
56 id. 570; *Baker* v. *Home L. Ins. Co.*, 64 id. 648, 649;
*Mowry* v. *Rosendale*, 74 id. 360; *Flynn* v. *Eq. L. Ins. Co.*,
78 id. 568; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222, 234; *Miller*

v. *Phœnix Mut. L. Ins. Co.,* 107 N. Y. 292; Bliss on Life
Ins. § 280.) Upon the question of the scope of Hamlin's
power, the language of the policies must be taken most strongly
against the defendant. (Wood on Inter. of Mer. Agree-
ments, 3; Elphinstone's Inter. of Deeds, 93, rule 21; *Bullin*
v. *Dunning,* 5 B. & C. 850; Broom's Legal Maxims, 596,
note 1, 598; *Notman* v. *Anchor Asso. Co.,* 4 C. B. [N. S.]
481 [93 E. C. L. R.]; *Filton* v. *Ac. Death Ins. Co.,* 17 C. B.
[N. S.] 134, 135 [112 E. C. L. R.]; *Ripley* v. *Larmouth,*
56 Barb. 21, 25; *Marvin* v. *Stone,* 2 Cow. 781; *Dilleber* v.
*Home Life Ins. Co.,* 69 N. Y. 256.) Hamlin's power to make
the agreement in question was not restricted by anything in
the policies or application blanks. (40 Hun, 560, 561.)
Whether, therefore, Hamlin shall be held to have been the
accredited agent, with full power, acting for the New York
Life Insurance Company, or a mere messenger to carry the
policies, no contract was completed, because the plaintiff did
not accept the policies. (*Brackett* v. *Barney,* 28 N. Y. 333;
*Jackson* v. *Phipps,* 12 Johns. 418; *Crosby* v. *Hilyer,* 24
Wend. 280; *Fisher* v. *Hall,* 41 N. Y. 416; *Bert* v. *Brown,*
25 Hun, 223; *Ford* v. *James,* 4 Keyes, 300.) The company
is bound by the fraudulent representations made by its agents
soliciting insurance. (*Devendorf* v. *Beardsley,* 23 Barb. 656;
Bliss on Life Ins. 294; 40 Hun, 562.) Consideration for the
checks and notes having failed, by reason of the failure of
the contract of insurance, they cease to be legal obligations,
and defendant has no right in law or equity to them.
(*Benton* v. *Martin,* 52 N. Y. 570; *Frisbee* v. *Hofnagel,* 11
Johns. 50; *McAllister* v. *Reab,* 4 Wend. 483; *Whitford* v.
*Laidler,* 94 N. Y. 145.) The court can compel surrender of
the notes and check. (*Western R. R. Co.* v. *Bayne,* 75 N. Y. 1;
2 Story's Eq. Jur. § 700, note 1; *McKenny* v. *Hazard,* 45
N. Y. 581; *Town of Springport* v. *Teutonia Bank,* 75 id.
397; Chitty on Bills, 110; Daniels Ch. Pr. 1651.)

PECKHAM, J. There was no contradictory evidence in the
case. At its close the plaintiff requested the court to find the

following fact: "That a delivery of the said policies was accepted by the said plaintiff upon the terms and conditions shown in the agreement signed by the plaintiff and the said Hamlin, a correct copy of which is attached to the complaint in this action marked ' A,' and also to these findings." The court refused to make such finding, and the plaintiff excepted. If the finding asked for was material and based upon sufficient and uncontradicted evidence, the request should have been granted, and a failure to grant it was error, for which the judgment should be reversed.

We think the fact was material and was based upon sufficient and uncontradicted evidence. It thus appears that an agent of the defendant entered into an agreement with the plaintiff by which the two policies subsequently issued by the defendant were to be accepted by the plaintiff, only upon condition that certain other policies then delivered by the plaintiff to the agent should be surrendered by him to the companies issuing them, and their surrender value in cash paid to him or paid-up policies given in exchange therefor, in either case in amounts satisfactory to the plaintiff. This, we think, was clearly a condition precedent to the full delivery and acceptance of these policies issued by the defendant, and until such condition precedent was complied with or waived, no fully executed and valid contract of insurance existed between these parties.

No question of right to conditionally receive an instrument, not under seal, by a party thereto can be successfully raised. *Benton* v. *Martin* (52 N. Y. 570) decides this proposition, and leaves it unnecessary for us to discuss the abstract question as to whether there is or is not a good reason for the distinction between the case of a sealed and an unsealed instrument in this respect.

The provisions contained in the policies, which are above quoted, relate to the policies themselves after they should become executed instruments between the parties. All negotiations had before such event, and all parol agreements between the assured and the agent of the defendant, would

have been merged in the contract evidenced by the policies themselves, had the negotiations been carried out as intended, and such policies been absolutely delivered to and accepted by the plaintiff.   Hence any oral representation or statements made by the agent of the company, and not contained in the contract of insurance, would have formed no part thereof, and could not have been insisted upon by the plaintiff as against the defendant company.   Such are the cases which have been cited by the learned counsel for the defendant in relation to the absolute merger of all previous negotiations between the agent and the insured in the written contract of insurance.

The learned counsel for the defendant claims that the condition referred to, assuming it to have been made, was a condition subsequent, and that, at all events, a condition subsequent would be invalid as against the contract evidenced by the policies.   He says the contract entered into was to cease to be of any effect in case Hamlin did not obtain the surrender or exchange of the plaintiff's policies in the companies.   We think that, instead of the contract ceasing to be of any effect in case Hamlin failed to accomplish the surrender, the plain meaning was that the contract should not exist until Hamlin had brought about the exchange.   In other words, there was not a contract entered into with a provision that it should cease to bind in case Hamlin failed to redeem his promise in the future, but the contract was not to become binding in any event until the condition was performed by Hamlin.   And, upon its performance, and not until then, was the contract to become effective.

We think, with the learned court below, that it is wholly unimportant whether Hamlin had any power from the company to make a conditional delivery or not.   The plaintiff had power to attach such conditions as he chose to the acceptance of the policies, and if the agent of the company had no power to make conditional delivery to the plaintiff, the result would still be that no contract was ever made and no absolute acceptance ever had.   It cannot be argued for one moment that an absolute delivery of a paper is made to an individual who has

power to and does refuse to accept it, except upon condition, because the person who assumed to make the delivery was an agent who had no authority from his principal to make a conditional delivery.

Nor do we think that any inconvenience, at least of much weight, will follow the result of holding that an individual can refuse to accept a policy of insurance from a corporation, except upon the performance of some condition precedent under an arrangement made between him and an agent of the company, which arrangement the agent fails to communicate to the corporation. Insurance companies may, with entire propriety, provide in the same manner as the defendant provided in the policies in question, in cases where the contract of insurance becomes executed. There it is highly necessary and important for the company to know exactly how far they are bound and the entire nature of the contract which has been made between them and the assured. But an agreement between an individual and the agent of a company, by which the policy is accepted only upon conditions relating to the same, and an agreement to hold the policy until the performance of those conditions, or a failure to perform, cannot, as we think, result in any serious inconvenience to the company. But whether that is so or not cannot alter the right of an individual to refuse to be bound by a policy of insurance until he has absolutely received and accepted it.

We think the order of the General Term was right and should be affirmed, and judgment absolute granted against the defendant, with costs.

All concur.

Order affirmed, and judgment accordingly.