By the Court.—Freedman, J.
There is no certificate or statement that the case contains all the evidence. The facts, therefore, are not open for review and only questions of law can be considered. .
*328 The contract sued on was made by William H. Bussell and the plaintiff, as parties of the first part, and the defendants, as parties of the second part. By it the parties of the first part granted to the parties of the second part the full and exclusive right and license to manufacture, sell and use a certain invention covered by a patent issued to Bussell during the term of the patent; and as consideration for such grant the parties of the second part (the defendants) agreed to manufacture the patented article and to pay to each of the parties of the first part the sum of two and one-half cents on each binder as royalty. The agreement was executed by all the parties under their respective hands and seals, and it was actually delivered to the plaintiff.
The answer admits the making of the contract sued on, and alleges, as a defence, that it was agreed between the parties at the time of the making of the contract that the same was to take effect as to the plaintiff only when he should have acquired a one-half interest in the patent by performance of a certain agreement that he (the plaintiff) had made with Russell, the other party of the first part to the contract in suit, whereby the plaintiff was to acquire from Russell a one-half interest in the patent; that the plaintiff never carried out such agreement with Russell, never acquired a half interest from Russell, and subsequently abandoned all attempt to obtain an interest in such patent, and relinquished and transferred to Russell all his right, title and interest under the contract.
At the trial there was no controversy as to the actual delivery of the contract, or a copy of it, to the plaintiff, but the defendants offered to prove the oral agreement between the parties as above stated and that the plaintiff had failed to acquire from Russell a one-half interest in the patent. The plaintiff duly objected to such evidence as inadmissible, but the *329 court overruled the objection and received the evidence, to which ruling the plaintiff duly excepted. Upon the evidence thus received the court found, as a fact, that at the time of the execution of the contract sued upon it was expressly agreed between the parties thereto that the same was not to take effect as a contract until the plaintiff should have acquired a one-half interest in the patented improvement and letters patent in pursuance of the agreement between plaintiff and Russell, and that the plaintiff did not at any time acquire such half interest. The court also found, as a fact, that the contract was never delivered to the plaintiff as a subsisting legal obligation. These findings are fatal to plaintiff’s case, if the evidence upon which they rest was admissible, and the only question presented, therefore, is whether or not it was error to receive such evidence.
It is settled in this state that if a deed is delivered to a party or his authorized agent, and not to a stranger, it is absolute, and parol evidence of conditions qualifying the delivery is inadmissible. Worrall v. Munn, 1 Seld. 229, and cases there cited.
It is also settled that parol evidence is admissible to show that a written paper not under seal which in form is a complete contract, of which there has been a manual tradition, was, nevertheless, not to become a binding contract until the performance of some condition resting in parol. Reynolds v. Robinson, 18 N. Y. State Rep. 235; Harnickell v. N. Y. Life Ins. Co., 111 N. Y. 390.
It remains to be seen what the rule is as to an instrument under seal which is not a deed and does not relate to the transfer of the possession of land.
Upon this point great confusion exists in the books. Formerly the tendency undoubtedly was to distinguish generally between sealed and unsealed instruments. Of late the tendency has been to disregard the distinction between sealed and unsealed *330 instruments whenever it can be done without a violation of some settled principle of law. The precise point now under consideration has never been put at rest. In Dietz v. Parish, 79 N. Y. 520, Church, Ch. J., even says with reference to a deed: “ The court, in Kidner v. Keith, 109 E. C. L. R. 34, announced the well-established rule. It said: There is no doubt in point of law that where by express declaration, or from the circumstances, it appears that the delivery of a deed was not intended to be absolute, but that the deed was not to take effect until some contemplated event should have happened, the deed is not a complete and perfect deed until that event has happened.”
' A review of all the cases to which our attention has been called upon this point, would serve no useful purpose. Suffice it to say that a careful, analysis of them with reference to the state of facts peculiar to each, shows that the confusion which does exist arises not so much from the decisions as from dicta which are obiter, and that the strict enforcement of the rule which rejects parol evidence qualifying the delivery,' has been almost exclusively in cases of instruments under seal in which, the delivery of the instruments constituted or involved a symbolic transfer of the possession of land. After due consideration of all that has been urged on both sides, I am of the opinion that the rule prohibiting parol evidence as to a qualified or conditional delivery should be confined to the class of instruments last referred to, and that it should not be • extended generally to all executory contracts under seal. If this view is sound, the evidence in this case was properly admitted, and the exceptions taken by the plaintiff are untenable.
The judgment should be affirmed, with costs.
Truax and McAdam, JJ., concurred.