SARAH C. KEY v. NATIONAL LIFE INSURANCE COMPANY, Appellant.

**Life Insurance Contract:** PUBLIC POLICY: *Recovery back of premium.* A contract for insurance, by which the underwriter, in consideration of the insurance, agrees to make a loan to insured, is not repugnant to laws Twenty-third General Assembly, chapter 33, section 1, prohibiting life insurance companies from discriminating between individuals of the same class and expectancy of life, and from making any contract not expressed in the policy, or giving any special inducement for insurance not specified in the policy, and the premium paid may be recovered.

**Contracts:** REPUDIATION.  A contract for insurance by which, as additional consideration for assured taking the policy, the underwriter agrees to make a loan to her, is an entire contract, and must be accepted or rejected *in toto.*

RULE APPLIED.  Insured who consented to take out a policy on her life on the representation and inducement that the company would make her a loan on her real estate, taking in addition to a mortgage thereon the policy as security, may decline to accept the policy where the company refuses to make such loan.

SAME.  Where an agent has exceeded his authority, the principal cannot reject that part of the contract which the agent was without authority to make, and enforce the rest.

RULE APPLIED.  The fact that an agent of a life insurance company was a special agent with no right to make a loan is no defense to an action against the company by an insured to recover the premium paid upon a policy which she consented to take out on the representation and inducement that the company would make her a loan upon her real estate, taking the policy as security in addition to a mortgage thereon, which the company refused to do.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JANUARY 31, 1899.

PLAINTIFF claims that one W. B. Proctor, an agent of defendant company, induced her to take out a ten thousand dollar policy of insurance in said company upon her life, on his representation and inducement that the company would make her a loan upon her real estate, taking, in addition to a mortgage thereon, the policy as security.  Plaintiff says that, being desirous of securing a large loan of money, such as was promised, she consented and agreed to take out a policy, upon the express understanding that it could and was to be used in obtaining the loan; that, after the policy was received and paid for, the loan was refused.  This action is to recover the premium paid.  The answer is a general denial.  There was a trial to the court by consent of parties, and a judgment for plaintiff.  Defendant appeals.—*Affirmed.*

*Baily & Ballreich* and *Sims & Bainbridge* for appellant.

*Wright & Baldwin* for appellee.

WATERMAN, J.—The facts as to the agreement with Proctor are undisputed, for they rest entirely upon the testimony of plaintiff. There was no other witness who testified on this branch of the case. Proctor was defendant's agent. He induced plaintiff to take out the policy by a promise that defendant would make her a loan on her property, taking the policy as part security therefor. Plaintiff did not wish the insurance, but she was very desirous of securing a loan, and, because of the inducement offered in this respect, agreed to take out the policy. The understanding between plaintiff and Proctor was that she was to accept the policy only on condition that the loan be made. The policy was sent plaintiff by mail, with a slip attached on which was written the following: "Mrs. Key: Please see Mr. Squires, of Council Bluffs, who attends to all loans made there for the company at Council Bluffs." This was written, as now appears, by Proctor. Plaintiff paid the premium, and at once took the policy to Squires, and was informed by him that no arrangements had been made for her getting a loan. She then gave notice to defendant's general agent at Des Moines that she refused to accept the policy. She also sent the policy to the home office of defendant, and demanded repayment of the premium. Defendant returned it, and refused to refund the money paid therefor or to recognize the agreement for a loan. The evidence is uncontradicted that Proctor had no authority to make any representation or promise as to a loan. His duty was to secure applications for insurance only.

I.   The first defense is based upon section 1 chapter 33, Laws Twenty-third General Assembly, which is as follows: "No life insurance company doing business in Iowa shall make or permit any distinction or discrimination in favor of individuals between insurance of the same class and equal

expectation of life in the amount of payment of premium or rates charged for policies of life or endowment insurance. * * * Nor shall any such company or agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow * * * as inducement to insurance * * * any special favor or advantage in the dividends or other benefits to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy or contract of insurance." The contention here is that the inducement of the loan was offered in violation of the statute; that plaintiff cannot insist upon that part of the agreement being performed, but must pay the full contract price, upon performance by defendant of the portion of the agreement which the agent, under the statute, was authorized to make. We quote from appellant's brief on this subject: "She will have suffered no injustice if the premium is not returned to her, for she received the policy, and was insured for the whole year, and, according to the above law, that is all she was entitled to. She has not been deceived, for she knew the law, or is presumed to have known it, and therefore knew that all she was entitled to for the premium would be the insurance on her life." We are not favorably impressed with this line of reasoning. The statute in question was enacted for the regulation of insurance companies. It does not purport to make it unlawful for them to loan money to policy holders. Nothing that was promised to plaintiff was illegal. What the statute prohibits is the act of the company or its agents in offering this outside inducement, in order to secure applications for insurance. If in this case the agent had made no representations in violation of the statute, but plaintiff had voluntarily attached, to her agreement to accept the policy, the condition that she should be given a loan thereon, could such a condition be ignored and her acceptance be absolutely enforced? We think not. And we do not see how defend-

ant's rights in this respect can be enlarged by the wrongful act of the agent. Again, let us suppose the loan had been made as agreed. If defendant's theory is correct, we do not know why plaintiff could not lawfully refuse to pay it when due, on the ground that it was a misdemeanor to make any such contract in connection with a contract for insurance. This was an entire contract. It cannot be apportioned. Defendant must accept it as made or reject it *in toto*.

II. Another contention is that Proctor was a special agent; that he had no right to make the loan; and that plaintiff, in dealing with him, was bound to know the extent of his authority. This is a familiar rule of law, but it has no application here. If plaintiff was trying to hold the company on this contract, the principle mentioned would apply in defendant's favor. But, while this doctrine may be set up as a defense, it is something new for a principal to attempt to found any affirmative right thereon against the other contracting party; and that is what is done here, when the retention by defendant of the premium is sought to be justified. The agent having no authority to make this contract, defendant was not obliged to carry it out. It cannot accept a part and reject a part, without holding plaintiff to an agreement which she did not make. Plaintiff had a right to attach any conditions she chose to the acceptance of the policy, and defendant cannot hold her obligated under the contract until such conditions are performed.

III. Lastly, it is insisted that the making of the loan was a condition subsequent to the acceptance of the policy; that the contract of insurance went into force, and plaintiff's liability accrued thereon, before any obligation was incurred to make the loan; therefore that plaintiff's indebtedness for the premium was entirely independent of any right she may have to insist upon her other claim. This is not the contract disclosed by the testimony. As a matter of fact, the taking out of the insurance was but an incident; the making of the loan was the principal subject-matter of the agreement. The

contract, as already said, was entire, and it was distinctly understood and agreed that plaintiff was not to accept the policy unless she could secure the loan. She received the policy into her possession upon a condition that the company refused to perform, and because of this failure she declined to accept it. This she had a right to do. Upon this proposition, the case of *Harnickell v. Insurance Co.*, 111 N. Y. 390 (18 N. E. Rep. 632), is directly in point, and supports our holding.—AFFIRMED.