## LEWIS v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit. October 3, 1910.)

No. 22, March Term, 1910.

1. INSURANCE (§ 249*)—ACTION BY HOLDER OF LIFE POLICY FOR BREACH OF CONTRACT—PLEADING.

Where plaintiff, who was the holder of a life insurance policy issued by defendant, by the terms of which he was entitled to borrow from defendant a certain sum on the security of the policy, such sum having relation to the amount of premiums paid, alleged in his statement of claim that defendant had refused to make him a loan for the full amount to which he was entitled, and prayed judgment for damages, and further alleged facts showing that defendant was desirous that he should keep the policy in force, such allegations were in affirmance of the contract, and did not entitle him to recover back the premiums paid as on a repudiation of it for the alleged breach.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 249.*]

2. INSURANCE (§ 248*)—RESCISSION OF LIFE INSURANCE CONTRACT—BREACH OF AGREEMENT TO MAKE LOAN—SUBSIDIARY COVENANT.

A provision in a life insurance policy giving the insured the right to borrow money from the insurer on the security of the policy in progressive sums as the policy aged is not an indivisible part of the contract, but creates a subsidiary or collateral contract, a breach of which can be compensated in damages; and such a breach by the insurer is not a repudiation of the contract for insurance, which entitles the insured to rescind and recover the premiums paid.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 248.*]

3. INSURANCE (§ 248*)—RESCISSION OF LIFE INSURANCE CONTRACT—RIGHT OF INSURED—STEPS TAKEN TO AVOID.

Plaintiff held a life insurance policy issued by defendant, which gave him the right to a loan from defendant on signing an application therefor pledging the policy as security. Plaintiff had borrowed a portion of the amount to which he was entitled; but, desiring the remainder, he wrote defendant in New York, demanding the same. The letter would not reach defendant until the next day, but on the morning of the second day, no answer having been received, plaintiff commenced an action to rescind the contract on the ground of the alleged breach of the agreement by defendant. Held that, conceding that the refusal by defendant to make the increased loan would afford ground for rescission, it could not be charged with default because of its failure to answer within the time allowed.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 248.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Daniel C. Lewis against the New York Life Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed. •

For opinion below, see 173 Fed. 1009.

Reynolds D. Brown, for plaintiff in error.
Arthur G. Dickson, for defendant in error.

Before LANNING, Circuit Judge, and BRADFORD and ARCH-BALD, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

181 F.—28

ARCHBALD, District Judge. The plaintiff was insured in the defendant company for $30,800 on the ordinary life 20-year standard accumulation plan, by a policy bearing date July. 12, 1904, and containing a provision for a cash loan, the right to which, as he claims, he was not permitted to enjoy. And the company, according to this, having broken their contract, this action was brought to recover the damages. The clause of the policy which was relied on is as follows:

"The insured may obtain cash loans on the sole security of this policy, on written request, at any time after it has been in force two full years, if premiums are duly paid to the anniversary of the insurance next succeeding the date after the loan may be obtained. The insured shall pledge this policy and its accumulations as collateral security for such loans, in accordance with the terms contained in the company's then existing form of policy loan agreement. The amount of loan available at any time is stated in the table on the second page, and includes loans then unpaid. Interest will be at the rate of five (5) per cent. per annum, payable in advance to the next anniversary, and annually in advance on that date and thereafter."

By the table which is there referred to, the insured, after four years, was entitled to borrow $1,940; and in part availing himself of this, on March 18, 1908, the plaintiff had secured $1,300, which was all that he required at the time, but was $640 less than he was privileged to borrow. A year later, however, the last of May, 1909, not being satisfied with the policy because of the deferred dividend arrangement, he made up his mind to change; but, there being no provision in the policy for a cash surrender value, he decided to realize on it, by borrowing up to the limit and then letting the policy lapse, and he accordingly applied to the company through the agency at Philadelphia for a further loan upon it. The representatives of the company, to whom he applied, being made aware of his purpose, endeavored to dissuade him, and suggested without success that he take a new form of policy, with regard to which there were some negotiations. The policy, on account of the existing loan, being in the possession of the company in New York, the additional amount to which he was entitled was not known to him, and in the course of his interviews with the Philadelphia agents he was advised that, on July 12, 1909, after the payment of his next premium, amounting to $960, he would be entitled to a loan of $2,556, or $1,256 more than he then had; it being stated to him that until then the policy had no further loanable value. Having obtained a copy of the policy, however, he discovered that this was not so, and that he had been entitled all along to $1,940, or $640 more than he had received, and he thereupon made a demand by letter, July 7, for this further accommodation. But on July 9, two days later, having obtained no reply, and there being but three days until the next premium was due, he began this action. At the trial the plaintiff, upon this showing, was allowed a verdict of $640, the difference between the loan which he had and $1,940, the amount which he had a right to. Not content with this, however, he claimed the full amount of the premiums paid, on the basis that there was a breach of the policy, which justified a rescission and authorized a recovery of everything that had been paid under it. And, this being denied him, the case is brought here for consideration.

The plaintiff in his statement of claim declares for damages for a breach of the agreement to loan him the amount he was entitled to, which affirms the contract, and not for the premiums paid, which repudiates it; the one cause of action being distinctly different from the other. American Life Ins. Co. v. Shultz, 82 Pa. 46. This appears by the ad damnum clause, where in conclusion it is declared:

"Wherefore the plaintiff claims damages from the defendant in the sum of $6,000, at which sum the plaintiff estimates the damages which he has suffered by reason of the willful failure and refusal on the part of the defendant company to comply with the terms of the policy aforesaid."

It is true that, leading up to this, after setting out the facts substantially as they are given above, it is averred that, receiving no further reply from the company to his written request for a loan on July 7, he notified them on July 9, through his counsel, that he treated their refusal to make the loan as a breach of the entire contract, and that he was not willing in consequence to continue paying the premiums, which, so far as it goes, may seem to be a repudiation of the policy. But it is also further averred that, as he believes, it was the sole purpose of the company, in declining the loan and prolonging negotiations, to induce him to renew the policy, by paying the premium to come due July 12, which negatives any intent on the part of the company to abrogate the policy, or no longer be bound by it, and, on the contrary, expressly affirms their desire to keep on with it, in confirmation of which it is stated that the plaintiff was assured by the representatives of the company, at Philadelphia, that, upon payment of the next annual premium, he would be entitled to a loan of $2,556, or $1,256 more than he then had; the only difference between the parties thus being that he claimed the right to $640 more at once, before the next premium was due, and that the company did not immediately fall in with this. And the damages claimed, on the strength of these averments, being those sustained by the refusal of the company to make the additional loan, whatever might otherwise have been made out of the facts stated, the action cannot be regarded as proceeding for anything outside of that. These damages consisted in the difference between the loan which the plaintiff had obtained, and the loan which, by the terms of the policy, he was entitled to, which the company, in disregard of their agreement, refused to allow him, amounting to $640, the judgment which he recovered. And, having thus got all that he declared for, there was no error in holding him down to it.

But not to decide the case on a question of pleading, and assuming that the liability of the company for the premiums paid, based on a rescission of the policy, was open for determination, the plaintiff shows no cause of action beyond that which was allowed him. The right to rescind and recover the premiums paid was not justified by the refusal of the company to loan the additional amount named in the policy. The right to rescind is an extreme right, and it is not every breach of contract that warrants its exercise. It exists, however, where the contract is entire, and either in time or manner of performance is broken by either party from the outstart. Norrington v. Wright,

115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366; Bowes v. Shand, L. R. 2 App. Cases, 455; Pope v. Porter, 102 N. Y. 366, 7 N. E. 304. But where the contract, if divisible, or even if indivisible, is made up of several distinct and similar acts, to be separately and successively performed, the right to rescind, according to some of the authorities, depends on whether the conduct of the party in default is such as evinces an intent to abandon the contract, or no longer be bound by its terms. Mersey v. Naylor, L. R. 9 App. Cases, 244; Blackburn v. Reilly, 47 N. J. Law, 290, 1 Atl. 27, 54 Am. Rep. 159; Harding v. York Knitting Mills (C. C.) 142 Fed. 228. But never does the failure to perform afford ground for rescission, unless it be such as to defeat the object of the contract, and not simply go to a subsidiary part of it, which can be fully compensated in damages. 9 Cyc. 635, 650; 24 Am. & Eng. Encyc. Law (2d Ed.) 644. As is said in Weintz v. Hafner, 78 Ill. 27:

"For partial dereliction and noncompliance in matters not necessarily of first importance to the accomplishment of the object of the contract, the party injured must still seek his remedy upon the stipulations of the contract itself."

Or, as is put in City of Elgin v. Joslyn, 136 Ill. 525, 26 N. E. 1090:

"A slight or partial neglect to observe some of the terms or conditions of a contract will not justify a rescission or abandonment."

It is only where the breach goes to that which is vital that this course is open. But, if that be so, the plaintiff had no right to throw up the policy and sue for the premiums simply because the company failed to honor, offhand, the additional loan required of them. The refusal, under the circumstances, cannot be said to have evinced an intent not to be bound by or live up to the terms of the contract, if that is the criterion. Indeed, it is a question whether, rightly considered, there was a refusal at all; the plaintiff not having given time for it. And much less can it be said that, the company having broken one part of the contract, there was no assurance that they would regard the rest of it, which magnifies the breach out of all proportion to its real significance. The fact is that the agreement for a loan was merely subsidiary to the main purpose of the policy, which was to insure the plaintiff for the benefit of the party designated; the right to a progressive loan as the policy aged, being an accommodation altogether secondary and subordinate, valuable, no doubt, but not vital.

It certainly was no more important than the right, under certain conditions, to a paid-up policy; and yet it has been held, in numerous cases, that the breach of this provision does not entitle the insured to recover the premiums paid as upon a rescission. Watts v. Phœnix Mut. Life Ins. Co., 16 Blatchf. 228, Fed. Cas. No. 17,294; Phœnix Mut. Life Ins. Co. v. Baker, 85 Ill. 410; Rumbold v. Penn. Mut. Life Ins. Co., 7 Mo. App. 71; Union Central Life Ins. Co. v. McHugh, 7 Neb. 66; Insurance Co. v. Matthews, 8 Lea (Tenn.) 499. And the same ruling was made with regard to the refusal to permit a change of the beneficiary. Harris v. Scrivener (Tex. Civ. App.) 78 S. W. 705. And the failure to return a part of the premiums, as agreed in the policy. Insurance Co. v. Heidel, 8 Lea (Tenn.) 488. It is true that,

in each of these cases, the action was for damages for a breach of the contract, and not in terms for the premiums. But it was held in each, which is the significant thing, that the premiums were not a measure of the damages.

The case of N. Y. Life Ins. Co. v. Pope, 68 S. W. 851, 24 Ky. Law Rep. 485, is also in point the suit there being for a rescission and a recovery of the premiums, on the ground that there had been a refusal of a loan by the company, in violation of the policy; but it was held that the plaintiff was only entitled to damages. It is true that, in Key v. Insurance Co., 107 Iowa, 446, 78 N. W. 68, the policy holder, on the refusal of a loan, was allowed to rescind and recover the premiums. But, as an inducement to take out the policy, there had been an express agreement in that case to make a loan on certain personal property, with the policy as collateral; and this being the inducement which moved the plaintiff to insure, the refusal went directly to the consideration. The case is thus to be distinguished from the ordinary one, where, as here, the agreement for a loan is merely an incident; the opportunity afforded by it not being the moving cause for taking out the policy. And, except as so distinguished, the case does not meet with our approval.

It is urged, however, that this court, in Supreme Council v. Black, 123 Fed. 650, 59 C. C. A. 414, sustained the right to rescind and recover back the premiums where there has been a breach of the insurance contract. But the attempt there was to cut down the policy, by an amendment of the by-laws, from $5,000 to $2,000; the company deciding that this was the highest amount for which thereafter a policy should issue. This, as was said of a similar attempt in Becker v. Berlin Ben. Soc., 144 Pa. 232, 22 Atl. 699, 27 Am. St. Rep. 624, was a repudiation, pure and simple, there being an entire abrogation of the existing policy, and the substitution of another and very different one; the amount of insurance being reduced over one-half from that on which the insured had been paying premiums. Going as this did to the root of the contract, the insured was not obliged to submit, but had the right, as it was held, to rescind and sue for what he had paid on it. It is not at all like the present case, where, if there was any breach, it was merely of a minor feature.

But, assuming that the plaintiff, for the refusal of a loan, was entitled to rescind, he did not, in our judgment, put matters in shape to do so. The written request for the loan, which was required by the policy, was not made until July 7, and was not received by the company, at the home office in New York, where the policy was in pledge for the existing loan of $1,300, until the day following; and before a reply, in the reasonable course of events, could be made to it, the plaintiff, the next morning, July 9, appeared at the branch office in Philadelphia, where he had filed his request, and peremptorily demanded his money. And, upon being advised that no reply had as yet been received, he went off and at once brought suit, charging the company with having broken the agreement. But, according to the terms of the policy, in order to lay grounds for a loan, the plaintiff had not only to make a written request, as he did, but he had also to

sign a loan agreement, pledging the policy, and obligating himself, as therein provided. He may have been dependent on the company for the form of this agreement; but, without waiting or asking for that, two days after his request was made, the present suit was instituted. The right to a loan was not like money in the bank to be demanded over the counter. Not only were there certain formalities to be observed, as just stated, but, the question of a loan having to be referred to the officers of the company in New York, the representatives in the Philadelphia office having apparently no authority over it, a reasonable time had necessarily to elapse, after the request was sent in, before a response could be expected, and until it had passed, which certainly was not the case when suit was brought, it cannot be said that the company was in default, or that the agreement had been broken.

It is true that the plaintiff began moving for a loan the latter part of May, and had been told, as we have seen, by the representatives of the company at Philadelphia, that he was not entitled to any more than he had secured until after the payment of the next premium. But the facts show that he did not rest on this. Nor is it to be treated the same as if, after due application, there had been an express denial by the company. Having procured a copy of the policy on June 29 and consulted with his counsel, it was plainly to be seen that he was entitled to $640 above what he had borrowed, and he accordingly made demand for it. But he still waited eight days, until July 7, after he had returned from his vacation; and if he had the right to put the matter off in this way, for his own convenience, he cannot blame the company for the predicament in which he found himself by reason of the time for his next premium having meantime run against him. And neither had he a right to hold the company as for a breach, two days after he made his demand, because of there being only three days left to the life of his policy.

It is urged, as bearing on the right to rescind and recover the premiums, that there was no offer by the plaintiff, either before suit or afterwards, to repay the $1,300 which he had borrowed; also, that there was no offer to adjust or make allowance for the protection which he had enjoyed during the period for which the policy had been carried. This was exacted in Lovell v. Insurance Co., 111 U. S. 264, 4 Sup. Ct. 390, 28 L. Ed. 423. But the necessity for it was denied by this court in Supreme Council v. Black, 123 Fed. 650, 59 C. C. A. 414. And, not being essential to the case, we do not undertake to dispose of it. Without regard to anything that is so suggested, it is clear, for the reasons already given, that the plaintiff got all that he was entitled to in the $640 which he recovered.

The judgment is affirmed.